

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2002

# Dickerson v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-5018

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Dickerson v. Taylor" (2002). *2002 Decisions.* Paper 300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-5018


BRYON SHAWN DICKERSON,

                                                        Appellant


                    v.


STANLEY TAYLOR, Commissioner;
ATTORNEY GENERAL OF THE STATE OF DELAWARE



Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 98-cv-00521)
District Judge: Honorable Roderick R. McKelvie



Submitted Under Third Circuit LAR 34.1(a)
February 28, 2002

Before: ROTH and FUENTES, Circuit Judges
KATZ*, District Judge

(Opinion filed: May 23, 2002)




     * Honorable Marvin Katz, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.


                          -OPINION-

ROTH, Circuit Judge.
     Defendant Byron Shawn Dickerson appeals the order of the United States District
Court for the District of Delaware, rejecting his petition for a writ of habeas corpus.  On
June 18, 1992, Dickerson was convicted in a Delaware Superior Court of first degree
murder and possession of a deadly weapon during the commission of a felony.  On
September 14, 1992, Dickerson was sentenced to life imprisonment for his murder
conviction and 20 years imprisonment for the weapons conviction.  On December 21,
1993, the Delaware Supreme Court affirmed his conviction and sentence.
     On January 13, 1995, Dickerson filed an application for post-conviction relief in
the Superior Court of Delaware, asserting a claim of ineffective assistance of trial
counsel, which the Superior Court denied.  On appeal, the Delaware Supreme Court
remanded the case to the Superior Court for an evidentiary hearing.  The Superior Court
held a hearing and again denied the claim.  The Delaware Supreme Court affirmed the
Superior Court's decision on January 7, 1998.  On September 1, 1998, Dickerson filed a
petition for a writ of habeas corpus with the District Court.  The court denied the petition
on December 10, 1999.  This appeal followed.
     Prior to his trial, Dickerson told his counsel that the arresting officer, in the course

of attempting to obtain a statement from him, informed Dickerson that his codefendants had taken lie detector tests and passed. During cross-examination at trial, Dickerson's counsel questioned the officer as to whether he had made such a statement. The officer denied ever having made such a statement. There was no mention of lie detector tests during the trial. Neither of Dickerson's codefendants had ever taken a lie detector test, but they were called as witnesses at Dickerson's trial.

On appeal, Dickerson again claims prejudice due to ineffective assistance of counsel. He bases this claim on his counsel's cross-examination of the arresting officer concerning the lie detector tests. Dickerson claims that by questioning the officer about lie detector tests, his counsel introduced to the jury matters which were not properly admissible as evidence. He further claims that the improper admission of this evidence, left uncorrected by the Trial Court, served to bolster the credibility of the prosecution's witnesses, thereby causing prejudice.

In reviewing the actions of counsel at trial, there is a strong presumption that the representation was reasonably made. Strickland v. Washington, 466 U.S. 668, 689 (1984). In applying Strickland, we have stated that proof of an ineffective assistance of counsel claim requires first, that the attorney's performance was deficient, and, second, that the errors prejudiced the defense. Wells v. Petsock, 941 F.2d 253, 259 (3d Cir. 1991).

In examining this issue, the District Court found that defense counsel's poorly phrased question concerning lie detector tests, with no other mention of the tests throughout the rest of the trial, was not enough to render his counsel's assistance constitutionally deficient. We agree. The record indicates that the questioning by counsel was an attempt to establish that the police were improperly aggressive in trying to obtain a statement from Dickerson. Furthermore, the District Court found that any inference that might have been created by counsel's question about a lie detector test was mitigated by the jury's ability to independently assess the credibility of the witnesses to whom the tests were allegedly administered. Dickerson has failed to demonstrate that his attorney's performance was deficient.

For the foregoing reasons, we will affirm the judgment of the District Court.

—————————————————————

TO THE CLERK:

Please file the foregoing  Opinion.


By the Court,


/s/ Jane R. Roth
        Circuit Judge